JEROME H. CAHILL, District Attorney Waukesha County
You have requested an opinion on the following questions:
 (1) Can a municipal court in assessing a forfeiture against a minor for the violation of a municipal ordinance assess any additional court costs in addition to the $25.00 maximum penalty established by statute?
 (2) Can a municipal court levy the ten percent penalty assessment provided by sec. 165.87(2), Stats., against a juvenile in an ordinance violation case, in addition to the $25.00 maximum penalty established by statute?
The answer to both questions is yes.
Section 48.37, Stats., states that "[n] o costs may be assessed against any child in a court assigned to exercise jurisdiction under this chapter." The question is whether the municipal court is a "court assigned to exercise jurisdiction" under ch. 48.
In my opinion, a municipal court is not assigned to exercise jurisdiction under ch. 48. Rather, sec. 755.045(1), Stats., grants the municipal court "exclusive jurisdiction over an action in which a municipality seeks to impose forfeitures for violations of municipal ordinances." Chapter 48 gives to the juvenile court jurisdiction over juvenile violations of the law subject to some exceptions. One of those exceptions is sec. 48.17, Stats., which provides in part that the juvenile court's jurisdiction over juveniles who have violated municipal ordinances is concurrent with that of the civil courts when the juvenile is sixteen years of age or older. Consequently, rather than assigning jurisdiction over these matters to the municipal court, *Page 27 
ch. 48 simply does not remove the jurisdiction. This conclusion is reinforced by the fact that the juvenile court has extensive administrative duties that the municipal court does not have. Therefore, sec. 48.37, Stats., does not bar the imposition of costs upon a juvenile, in municipal court, in an ordinance violation case.
As regards the second question whether the ten percent penalty assessment provided by sec. 165.87(2), Stats., can be levied against a juvenile in an ordinance violation case, initially it should be noted that the penalty assessment is not a "cost." Costs are defined generally by Black's Law Dictionary as the expenses incurred in an action that are recoverable from the losing party and the fees and charges required by law to be paid to a court for an action. This definition is consistent with the "costs and fees" set forth in ch. 814, Stats.
The ten percent penalty assessment is not an expense or fee and is treated independently. It is a levy on a fine or forfeiture and becomes part of the "law enforcement training fund." Section 300.10, Stats., covering costs and fees in municipal courts appears to recognize this distinction. Section 48.37, Stats., does not apply to a ten percent penalty assessment, therefore, since the section only bars assessing "costs" against a juvenile.
Section 48.343(2), Stats., which provides that the maximum forfeiture that may be imposed when a juvenile violates an ordinance is $25.00, also does not bar the imposition of the ten percent penalty assessment. Section 165.87(2), Stats., clearly sets forth an assessment that is in addition to the penalties set forth in the statutes and ordinances to which it applies. Section 165.87(2), Stats., states in part that:
 [W]henever a court imposes a fine or forfeiture for a violation of state law or for a violation of a municipal or county ordinance except for state laws or such ordinances involving nonmoving traffic violations, there shall be imposed in addition a penalty assessment in an amount of 10% of the fine or forfeiture imposed.
By its terms, this section applies to forfeitures imposed on juveniles who have violated municipal ordinances. When it is so applied, a $2.50 penalty assessment must be added to a maximum forfeiture of $25.00. The forfeiture itself, however, remains the same, and the forfeiture limitation of sec. 48.343(2), Stats., is not violated. *Page 28 
There is in fact nothing in the statutes to indicate that juveniles are exempt from the ten percent penalty assessment. The assessment applies to all fines and forfeitures not exempted in sec. 165.87(2), Stats. Furthermore, sec. 300.10(4), Stats., specifically provides for the handling of penalty assessments collected by municipal courts.
In my opinion a municipal court must impose costs upon a juvenile found to have violated a municipal ordinance, and should add the ten percent penalty assessment provided in sec. 165.87(2), Stats., to any forfeiture imposed for such a violation.
BCL:CH:scj